## REFUSAL BY CONSTABLE TO LEVY EXECUTION UNLESS INDEMNIFIED.

Common Pleas Court of Henry County.

STATE OF OHIO V. JAMES B. HUDSON ET AL.

Decided, June 2, 1915.

*Constable—Not Bound at His Peril—To Levy Execution Upon Property Covered by Chattel Mortgage and in Possession of the Mortgagee.*

A constable is not bound at his peril to levy execution upon goods and· chattels covered by a chattel mortgage which are in the possession of the mortgagee who claims to be the sole owner thereof, and his refusal so to levy, unless the execution creditor first indemnifies him, does not make such constable and his bondsmen liable in damages in an action by the state for the use of the execution creditor.

*Charles R. McComb,* for plaintiff.
*Cahill & Mulcahy,* contra.

PRENTISS, J.

Plaintiff brings this action for the use of A. C. M. & Company, an execution creditor, to recover on the bond of J. B. H., a constable, and his sureties. J. B. H. was, on November 14, 1911, duly elected a constable for the township of Napoleon in the county of Henry and state of Ohio, who on November 17, duly qualified and gave his bond as such constable with two sureties for the sum of $1,000. The bond was duly approved by the trustees and the constable entered upon his duties as such and continued to act during the period complained of.

On May 24, 1913, A. C. M. & Co. recovered a judgment against H. E. W. before a justice of the peace for the township above named for the sum of $179.08 with interest from December 9, 1912, and costs amounting to $4.50.

On May 26, 1913, at the instance of the counsel for A. C. M. & Co. an execution was duly issued upon the judgment and delivered to the constable, J. B. H., which commanded him to

make of the goods and chattels of H. E. W. the sum above mentioned.

It is claimed by the plaintiff that the constable neglected and refused to execute the process so issued to him; that there was then in his township personal property belonging to H. E. W., on which he might have levied sufficient to make the amount of the judgment and costs, and that because the constable so failed and neglected the execution creditor lost their debt, and judgment is asked against the constable and his bondsmen for the amount of the execution.

The defendants denied that the constable J. B. H. refused to execute the execution, also that there was personal property in Napoleon township belonging to H. E. W. exempt from execution, on which he might have levied sufficient to make the money called for by the execution, and claims that upon receipt of the execution the constable faithfully proceeded to execute it but found that H. E. W. had no goods or chattels to levy upon, and for want thereof the execution was returned unsatisfied.

The parties waived a jury trial and the case was submitted to the court upon these issues. The testimony shows that upon delivery of the execution to the constable he went as directed to the house of J. M. and upon inquiry found that property formerly belonging to H. E. W. was in the possession of J. M.; that J. M. claimed to be the owner of it by virtue of a chattel mortgage given by H. E. W. to J. M. some time prior for the sum of $953.25. The constable afterwards went to the recorder's office and ascertained that the chattel mortgage, as claimed by J. M., was a matter of record. The next day J. M. served a written notice upon the constable advising the constable that he would hold the constable responsible for any interference therewith. The value of the property so held by J. M. amounted to about $400.

The constable then advised the counsel for A. C. M. & Co. of these facts and informed him that he would levy upon the property and sell it if the execution creditor would first indemnify him against the claim of J. M., which was refused, and

the constable, upon such refusal, declined to make the levy upon the property claimed by J. M., and he having found no other goods and chattels duly returned the execution on June 26, 1913, in which it is stated that no goods and chattels of H. E. W. were found upon which to levy.

Under these circumstances, is the constable, J. B. H., liable to the execution creditor A. C. M. & Co., in whose favor the execution issued, for wilfully and negligently refusing to levy upon the property in question? If so, then he and his bondsmen are liable to the plaintiff in this action.

The bond given by the constable, J. B. H., is conditioned that he shall faithfully and diligently discharge his duties as said constable. The duties and liabilities of a constable are largely fixed and determined by the statutes of the state.

Section 3334, General Code, provides, that all constables shall be ministerial officers in justice courts in their respective townships in civil cases  *  *  *  and civil processes may be executed by them throughout the county under the restrictions and provisions of the law.

Section 3335, General Code, provides, that each constable shall serve and execute all  *  *  *  executions and other processes to him directed and delivered and in all respects whatever do and perform all things pertaining to the office of constable.

Section 3337, General Code, provides, that each constable shall make due return of all processes to him directed and delivered at the proper office and on the proper return day therof.

Section 10422, General Code, provides, that a constable is liable to the party in whose favor an execution issued to him for its amount, when he wilfully or carelessly omits to levy on property within thirty days.

We think it was the mandatory duty of the constable under these provisions of the statute to levy upon any goods and chattels belonging to the execution debtor, H. E. W., not exempt from execution, but it does not follow that the constable was required at his peril to levy upon property covered by a chattel mortgage which property was in the possession of the mortgagee who claimed to be the sole owner thereof.

It was held in the case of *Robinson* v. *Fitch*, 26 Ohio St., 659, that the interest of a mortgagee under a chattel mortgage is that of a general owner of the property mortgaged.

The constable, J. B. H., in the case at bar found the goods and chattels upon which he was requested to levy as the property of H. E. W., not only covered by a chattel mortgage but in the actual possession and control of the mortgagee J. M., who claimed to be the sole owner thereof. We think, under these circumstances, that had the constable made a levy upon this property, he would have placed himself in the same condition as though he had levied upon the private property of any other disinterested third person; that he would have made himself and his bondsmen liable to an action in damages at the instance of J. M., mortgagee.

In the case of Ohio for the use of *Storey* v. *Jennings,* 4 Ohio St., 419, which was an action brought against a constable for levying upon property of an innocent third person, the court held that a seizure of goods of A under color of process against B is official misconduct in the officer making the seizure, and is a breach of the condition of his official bond, where that is, that he will faithfully perform the duties of his office. The reason for this is, that the trespass is not the act of a mere individual, but is perpetuated *colore officii.* For such breach, an action on the bond lies against the officer and his sureties.

We think that the constable in this case was justified in refusing to levy upon the property of J. M., unless the execution creditor first indemnified him against liability in so doing, and that his refusal to do so does not make him liable for wilfully and negligently refusing to execute the process issued in this case upon the property claimed by J. M., nor does the constable's refusal make either himself or his bondsmen liable. It follows that upon the issues joined the defendants are entitled to judgment which may be entered in accordance with this opinion.